UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH WARMBRODT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 4:16-cv-70 SNLJ |
| vs. | ) | |
| RELIANCE STANDARD LIFE INS. CO., | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Plaintiff Joseph Warmbrodt filed this action under the Employee Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), to recover benefits he alleges are due under an employee welfare benefit plan. The defendant is Reliance Standard Insurance Company ("Reliance"), which provides coverage for certain employees of St. Anthony's Medical Center under an employee welfare benefit plan ("Plan"). Reliance has moved to dismiss the complaint (#2). The motion has been fully briefed and is now ripe for disposition.

I.   Background

For the purposes of defendant's motion to dismiss, the facts pleaded in the complaint are presumed true. Plaintiff was employed by St. Anthony's Medical Center as a full-time registered nurse when he was diagnosed with multiple myeloma, a cancer that forms in bone marrow. Plaintiff underwent a course of chemotherapy beginning on July 4, 2011 and underwent a bone marrow transplant on December 9, 2011. He applied for Long Term Disability ("LTD") benefits from Reliance and received such benefits

1

under the Plan beginning on September 18, 2011 and ending on April 18, 2015. Reliance sent plaintiff a letter dated April 5, 2015 advising him that his benefits were ending and setting forth the proper procedure for appealing Reliance's determination.

Plaintiff appealed the decision to end his LTD benefits on October 13, 2015. Reliance responded that it had conducted an initial review of the information in the claim file and that it had requested additional medical records from plaintiff's medical providers. The letter further stated --- according to the Complaint, which did not attach the letter --- that Reliance was required "to reach a decision within 45 days of receipt of the request for appeal" but that, if Reliance needed additional information, Reliance could "request up to an additional 45 days to complete the appeal process." (Cmplt. ¶ 17.)

Reliance requested an independent medical evaluation on December 3, 2015, 54 days after plaintiff submitted his appeal. The evaluation was scheduled for December 18, but it was scheduled to take place in Cincinnati, Ohio. Plaintiff lives in Missouri. On December 9, Reliance advised plaintiff's attorney that the evaluation would be rescheduled. Then, on December 15, 2015, Reliance advised plaintiff that the evaluation would take place on January 18, 2016.

The 90-day deadline for Reliance to make a claim determination on plaintiff's appeal expired on January 11, 2016. Plaintiff filed this action on January 15, 2016. At that time, Reliance had not decided plaintiff's appeal. He claims he is entitled to payment of long-term disability benefits in the amount of $1,307.96 per month until his 65th birthday, plus interest for the time he was wrongfully denied benefits. He claims Reliance wrongfully discontinued payment of those benefits, wrongfully failed to make a decision on his appeal in a timely manner, and wrongfully failed to process his claims in a manner consistent with ERISA regulations or the language of the Plan. Defendant has

2

moved to dismiss plaintiff's claims because plaintiff filed this lawsuit before the appeal process was complete and because plaintiff did not appear for his medical evaluation. Defendant seeks dismissal with prejudice of plaintiff's complaint or, in the alternative, the opportunity to conduct the independent medical evaluation and complete the appeal process.

**II.** **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

**III.** **Discussion**

At the outset, the Court notes that the defendant has attached numerous documents in support of its motion to dismiss. Plaintiff objects. However, "[w]hen deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

3

physically attached to the pleading." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 821 (8th Cir. 2003) (quoting *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 934 (9th Cir. 1996)); *see also Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (noting that courts additionally consider "matters incorporated by reference or integral to the claim" for a motion to dismiss) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)). Plaintiff observes that defendant "selectively" attached documents to its motion and that it is not appropriate to consider only part of the administrative record to determine defendant's motion. (#10 at 2.) As an example, plaintiff notes that defendant has not included as an exhibit the "Final Appeal Denial" letter, which was issued after Reliance was served with the complaint. However, that letter was not referred to in the complaint because it did not yet exist, and defendant included only documents referred to in the complaint. Plaintiff's objections are overruled.

Defendant maintains that plaintiff's suit should be dismissed because he failed to exhaust his administrative remedies before filing his complaint. "ERISA does not contain an express requirement that employees exhaust contractual remedies prior to bringing suit." *Wert v. Liberty Life Assur. Co. of Boston*, 447 F.3d 1060, 1062 (8th Cir. 2006) (citing *Conley v. Pitney Bowes*, 34 F.3d 714, 716 (8th Cir.1994)). However, the Eighth Circuit recognizes a "judicially-created" exhaustion requirement when "a contractual review procedure that is in compliance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g)" is available to the claimant. *Id.* That is, this "exhaustion requirement applies so long as the employee has notice of the procedure, even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit." *Id.* Here, the plaintiff did have notice of the

4

appeal procedure --- it was explained in the denial letter sent to him on April 5, 2015. (#3-2 at 4.) Although plaintiff appears to believe that the plan document itself needed to include such information, the plain language of *Wert* makes clear that if the employee has notice of the review procedure, that is sufficient. *Wert*, 447 F.3d at 1062. The legal entity referred to as the "plan" must notify the employee of review procedures, but that information is not required to be in the plan document. *See* 29 U.S.C. § 1102(b).

Plaintiff clearly failed to exhaust his administrative remedies by filing his lawsuit while his appeal was still open. Reliance had 90 days to make a decision after receiving the appeal on October 13, 2015 --- until January 11, 2016. However, the deadline was tolled pursuant to 29 C.F.R. § 2560.503-1(i)(4), which allows for tolling in the event that the Plan requires further information necessary to deciding a claim. Defendant wrote to plaintiff's counsel on November 10, 2015 regarding its need for additional information and also stated that the appeal was tolled from the date of the request until the information was received. Defendant states that the information it sought was received on November 25, 2015, extending the appeal deadline from January 11 to January 26, 2016. In addition, the appeal deadline was extended when, on November 23, 2015, defendant informed plaintiff that an independent medical examination ("IME") was required. Defendant's letter stated that it would "toll the statutory time frames for rendering an appeal determination pending completion of the examination and receipt of the physician's report...." (#3-6 at 2.) Because the IME was scheduled and then rescheduled for January 18, 2016, the deadline for an appeal decision was at least after that date. Plaintiff filed his complaint on January 15, before even appearing for the IME.

Defendant also suggests that plaintiff's lawsuit may be dismissed for his failure to cooperate in that defendant posits that plaintiff filed the lawsuit just days before the

scheduled IME in order to avoid appearing for the examination. Although the timing of plaintiff's filing is suspicious, the Court declines defendant's invitation. In addition, defendant asks the Court to dismiss plaintiff's claim with prejudice in light of plaintiff's allegedly late appeal request. Because the circumstances of the allegedly-late filed appeal request are not properly before the Court, the Court again declines defendant's request. The Court will dismiss plaintiff's complaint, without prejudice, to allow defendant to conduct the independent medical examination it reasonably requested from plaintiff in the first place. In addition, the Court will consider a motion and accompanying evidence to support any claim for fees and costs incurred by defendant in defending this prematurely-filed lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#2) is **GRANTED**.

Dated this  12th  day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE